IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NIKKI S. GOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-169-D |
| ) | |
| QUALGEN, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. No. 13]. Plaintiff filed a response [Doc. No. 14]. The matter is fully briefed and at issue.

## PLAINTIFF'S ALLEGATIONS

Plaintiff, a female, alleges that Defendant wrongfully terminated her based on gender and in retaliation for reporting gender discrimination and harassment in the workplace.

In her Amended Complaint [Doc. No. 10], Plaintiff alleges that she began working for Defendant in 2014. *Id.* at 2. At the time of her termination on April 23, 2024, Plaintiff was Defendant's Vice-President of Sales. *Id.*

In the months leading up to her termination, Plaintiff "had regularly reported Shaun Riney (owner, male, age 55 approximately) was verbally abusing his female staff, but did not treat the male members of his staff in this manner." *Id.* Plaintiff further alleges that female staff "were held to higher performance standards" than the male staff, such as a

1

female pharmacist being pushed to be licensed in multiple states while her male counterpart was not. *Id.* "Every time Plaintiff brought up the bad treatment of females, Plaintiff was told to drop the subject and not bring it up again." *Id.* at 2-3. On or about February 28, 2024, Plaintiff made a written complaint to Mr. Riney and three other individuals regarding "sexually inappropriate and harassing conduct towards [Plaintiff] by Steve Anderson," and no corrective action was taken. *Id.* at 3.

In February of 2024, Plaintiff "was given a performance review showing above average performance." *Id.* at 2. However, Plaintiff noticed on Mr. Riney's computer screen that a male "was being hired into Plaintiff's position." *Id.* After inquiring with Mr. Riney, Plaintiff was told that she "was going to be placed as the head of a new department." *Id.*

Plaintiff alleges that "[a]s of April 22, 2024, Joel Forhan was hired into Plaintiff's position and no new position had been created for the Plaintiff." *Id.* Then, "[o]n April 23, 2024, Plaintiff was fired for the false reason of performance and for supposedly interfering with the quality unit." *Id.* at 3. Plaintiff alleges that she had no performance issues and had not interfered with the quality unit. *Id.* Rather, Plaintiff links her termination to gender discrimination and retaliation, "occur[ing] within two months of her February 28, 2024, report of sexually inappropriate conduct[.]" *Id.*

In her Amended Complaint, Plaintiff asserts claims of employment discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Title VII); and employment discrimination, pursuant to Oklahoma's Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101, *et seq*. (OADA). Defendant moves to dismiss each of Plaintiff's claims under FED. R. CIV. P. 12(b)(6).

**STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Id.* Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [her] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted).

## DISCUSSION

I. **Discrimination Based on Gender (Title VII)**

Plaintiff asserts that she was discriminated against based on her gender, in violation of Title VII. Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

For Title VII claims, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Because Plaintiff's complaint contains no evidence of direct discrimination, the Court evaluates the plausibility of Plaintiff's claims by "examin[ing] the first step of the *McDonnell Douglas* framework: the elements [Plaintiff] would need to establish to prove" a prima facie case for her gender-based discrimination claim. *See Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) (unpublished).[1]

A plaintiff establishes a prima facie case of discrimination by showing that "(1) the victim belongs to a class protected by Title VII, (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

(10th Cir. 2021) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)). "[A] plaintiff alleging wrongful termination may raise an inference of unlawful discrimination by showing that (1) she is a member of a protected class, (2) she was qualified for her job, (3) she was fired, and (4) the job was not eliminated." *Walkingstick Dixon v. Oklahoma ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1335 (10th Cir. 2025).

Viewing Plaintiff's allegations in the light most favorable to her, the Court finds that Plaintiff has stated a plausible gender discrimination claim based on the circumstances surrounding her termination. Plaintiff alleges that she is a woman; that she was qualified for her job and received above-average performance reviews; that she was terminated; and that a man was hired into her position. Under Tenth Circuit precedent, Plaintiff's allegations are sufficient to state a plausible Title VII claim for gender discrimination in the wrongful-termination context. *See Walkingstick Dixon*, 125 F.4th at 1335. Defendant contends that Plaintiff's Title VII discrimination claim should be dismissed because Plaintiff does not allege that she was "similarly situated" to anyone. However, the Tenth Circuit has held that alleging disparate treatment compared to similarly situated employees is not an "indispensable element[] of the prima facie case." *Id.* at 1336; *see also Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000) ("[T]he district court erred in requiring Kendrick to show that Penske treated similarly-situated nonminority employees differently in order to" establish a prima facie case of race discrimination). For these

reasons, Defendant's motion to dismiss is denied as to Plaintiff's Title VII gender discrimination claim.[2]

## II.    Retaliation (Title VII)

"Title VII prohibits an employer from retaliating against an employee 'because [she] has opposed any practice made an unlawful employment practice by [Title VII], or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Walkingstick Dixon*, 125 F.4th at 1338-39 (citing 42 U.S.C. § 2000e-3(a)). In the Tenth Circuit, a prima facie case for retaliation requires Plaintiff to show: (1) she engaged in protected opposition to Title VII discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004).

In its motion to dismiss, Defendant seeks dismissal of Plaintiff's retaliation claim because Plaintiff has not alleged that she "had both a subjective good faith and objectively reasonable belief" that the conduct she opposed violated Title VII. In its argument, Defendant appears to challenge only whether Plaintiff's belief was objectively reasonable.

In determining the reasonableness of a plaintiff's belief, the Court considers "the knowledge available to the reasonable person in the same factual circumstances … as the aggrieved employee." *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1263 (10th Cir. 2021). This determination requires "analyzing the law, the relevant attendant circumstances of [the

---

[2] Because Defendant does not provide any separate basis to dismiss Plaintiff's gender discrimination claim under the OADA, that claim also survives dismissal.

plaintiff's] job, and the severity, pervasiveness, and duration of the alleged discrimination." *Id.* at 1264.

Applying this standard to Plaintiff's Amended Complaint, her allegations fall short in a few key ways. First, for Plaintiff's more specific allegations related to how women were treated in Defendant's workplace—such as the female pharmacist being pushed to be licensed in multiple states when her male counterpart was not—Plaintiff does not actually allege that she reported or complained of those incidents. Rather, Plaintiff alleges that she "regularly reported" that Defendant's owner "was verbally abusing his female staff, but did not treat the male members of his staff in this manner." [Doc. No. 10, at 2]. Plaintiff also alleges making a written complaint "regarding sexually inappropriate and harassing conduct towards herself by Steve Anderson, with no corrective action taken." *Id.* at 3. For this complained-of conduct, however, Plaintiff provides no meaningful information about the factual circumstances of the allegedly unlawful conduct. Accordingly, Plaintiff's allegations are insufficient to allow a plausible inference that Plaintiff's belief was "objectively reasonable."

Further, Plaintiff's allegations do not reflect an objectively reasonable belief that Plaintiff was opposing unlawful conduct in that they do not allow the Court to analyze "the severity, pervasiveness, and duration of the alleged discrimination." *Id.* at 1264. Plaintiff's Amended Complaint is lacking in any detail as to Defendant's owner's "verbal abuse" of his female staff, and Plaintiff provides no insight into the "sexually inappropriate and

7

harassing conduct" she experienced and reported on February 28, 2024.[3] These conclusory allegations are insufficient for the Court to determine whether Plaintiff held an objectively reasonable belief that the complained-of incidents (Defendant's owner's verbal abuse of female staff and the "sexually inappropriate and harassing conduct" aimed at Plaintiff) violated Title VII. For these reasons, Plaintiff's Title VII retaliation claim will be dismissed without prejudice.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. No. 13] is **GRANTED in part**. Plaintiff's gender discrimination claims under Title VII and the OADA survive dismissal. Plaintiff's Title VII retaliation claim is **DISMISSED WITHOUT PREJUDICE** but without leave to amend.[4]

---

[3] Defendant also argues that Plaintiff has failed to allege a causal connection between her complaints and her termination, but the Court disagrees. At least with respect to Plaintiff's written complaint on February 28, 2024, the Court finds that Plaintiff's termination occurring within 2 months of that date would be sufficient—at the pleading stage—to allege a causal connection between the purportedly protected activity and the retaliation. *See Waide v. City of Okla. City*, No. CIV-16-817-D, 2019 WL 1429999, at *10 (W.D. Okla. Mar. 29, 2019) (explaining that the Tenth Circuit has "been willing to assume that a causal connection could be found" when adverse action is separated from protected activity by less than three months).

[4] The Court declines to grant leave to further amend at this time. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *see also Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (Plaintiff "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment"). Leave to file a second amended complaint should be requested by separate motion so that any issues as to futility of amendment or otherwise can be squarely raised and addressed.

**IT IS SO ORDERED** this 23rd day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

9